UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

AMENDED
CIVIL RIGHTS COMPLAINT FORM FOR
PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

LEGAL MAIL
Provided to
Wakulla CI

APR 0 2 2025

FOR MAILING

Kenneth M. Zink,

Inmate ID Number: 360229,

(*Write your full name and inmate ID number.*)

v.

Ricky D. Dixon, Individually and
Individually Consuela Robinson,
Individually and Officially
(*Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.*)

Case No.: 4:25-cv-96-TKW-MAF
(*To be filled in by the Clerk's Office*)

**Jury Trial Requested?**
☒ YES  ☐ NO

FILED USDC FLND TL
APR 7 '25 PM 3:59



## I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: Kenneth M. Zink    ID Number: 360229

List all other names by which you have been known: NONE

Current Institution: Wakulla Corr. Inst. - Main

Address: 110 Melaleuca Drive
Crawfordville, FL 32327

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: Ricky D. Dixon

   Official Position: Sec'y, Florida Department of Corrections (F.D.O.C.)

   Employed at: _____

   Mailing Address: c/o Chirstopher Hunt, Esq.
   The Capitol, PL-01   Tallahassee, FL 32399-1050

   ☒ Sued in Individual Capacity      ☒ Sued in Official Capacity

2. Defendant's Name: Consuelo Robinson

   Official Position: Lieutenant (Lt)

   Employed at: F.D.O.C.

   Mailing Address: c/o Christopher Hunt, Esq.

   The Capitol, PL-01, Tallahassee, FL 32399-1050

   ☒ Sued in Individual Capacity        ☒ Sued in Official Capacity

3. Defendant's Name: _____

   Official Position: _____

   Employed at: _____

   Mailing Address: _____

   ☐ Sued in Individual Capacity        ☐ Sued in Official Capacity

   *(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)    ☒ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee         ☐ Civilly Committed Detainee

☒ Convicted State Prisoner  ☐ Convicted Federal Prisoner

☐ Immigration Detainee      ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* showing why you are entitled to relief. Describe how *each* Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. **Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

1. In the year of 2021, Kenneth M. Zink is, was, and even presently, at all times relevant to these facts, considered by Social Security an elderly disabled American Veteran protected under the American with Disabilities Act (ADA).

2. On or about October 12, 2021 at about 9:00 A.m., Mr. Zink was using an ambulatory walker to move around with to assist him with his mobility due to a reconstructed hip injury with pins and screws in it from surgery.

3. Mr. Zink asked the dorm officer that day could he leave to go to his scheduled call-out.

4. The dorm officer at that time was a Sergeant (Sgt.) Consuela Robinson, who checked him off and gave him permission to leave to go to his scheduled call-out.

5. Mr. Zink was proceeding to leave while pushing his needed ambulatory walker, when for no apparent reason, the dorm officer maliciously kicked the ambulatory walker with great force.

6. The force from the kick was so strong it sent Mr. Zink stumbling backwards into a concrete wall 15 ft. away.

7. Stumbling into the concrete wall as a result of Sgt. Consuela Robinson's action caused Mr. Zink to experience pain in his reconstructed hip in excess of the continued pain he lives with every day.

8. Mr. Zink told Sgt. Robinson that she was not supposed to do that and asked her why had she done that in the first place.

9. Sgt. Robinson looked around at all the inmates standing in the door way, then started yelling profanities at everyone including at Mr. Zink.

10. Sgt. Robinson acted outside the course and scope of her rules of conduct as a F.D.O.C. Correctional Officer employee by battering and assaulting a(n) ADA elderly disabled American Veteran.

11. There were several inmates who saw an elderly disabled man get battered and assaulted from an unprovoked kicking and subsequent profane language directed towards the Plaintiff and one of those are who wrote witness statements of the attack.

12. Mr. Zink was days shy of his 65th birthday, a an ADA disabled veteran.

13. Individually, Consuela Robinson struck Mr. Zink's ambulatory walker while he was using it, causing him to experience pain in his reconstructed hip when he stumbled into a concrete wall 15 ft. away.

## Statement of Facts Continued (Page 2 of 5)

14. It was beyond cruel and unusual thing for anyone, be they a(n) state correctional Sgt. and/or individual, to suddenly kick the device an ADA elderly person is holding onto to assist them with getting around and because of that kick it cause them to stumble into a wall and get hurt.

15. It is prohibited for anyone to treat a(n) ADA elderly person confined in a state institution in such a way that the abuse, battery and assault is malicious, cruel and unusual, when all they are doing is going where they are allowed even if it isn't as fast as someone who is not disabled.

16. Sgt. Robinson's actions towards Mr. Zink on October 12, 2021 is considered intentionally malicious, cruel and unusual towards someone who is not doing anything but going where they are supposed to be, yet it turns into something painful and dehumanizing.

17. At any given point in a F.D.O.C. correctional officers career, they will witness this type of unprovoked and unjustified behavior occurring.

18. They will more times than not also see, their colleague whom is involved with carrying out such treatment on prisoners in F.D.O.C. custody, promoted and assigned to other institutions as long as their behavior was never brought to the light of the public's attention.

19. This type of custom is an unwritten policy witnessed by new correctional officers no matter where they're stationed in the F.D.O.C. correctional system, whether they partake in such actions or whether they refrain because of their integrity to their oaths and professional attitude of conduct.

20. Secretary Ricky D. Dixon started out as a correctional officer when the posters were first displayed with the wearing of the brown and tan uniforms, the slogans of "We Never Walk Alone", and "Good Ol-boy System" of doing things was very prevalent in the F.D.O.C.

21. Secretary Ricky D. Dixon would have witnessed this type of behavior in the course of his career as he worked his way up the ranks to Secretary (sec.)

22. Over time Sec. Ricky D. Dixon's belief system and opinion towards this type of behavior on whether he condoned or condemned it may have changed or haven't depending on if the person's actions were made public or not.

23. At first Ricky D. Dixon, the correctional officer, may not had the power to change things due to fear or lack of knowledge how, but Secretary, Ricky D. Dixon would have the power and the whole state correctional system at his disposal to do so.

24. To have notice or knowledge of the actions of a subordinate, one need only to be made aware of the facts or have received notice or knowledge of them after they've been given or delivered to them making them responsible and liable for the ADA elderly

Statement of Facts Continued (Page 3 of 5)

prisoners safety as an oath taker to the Constitutions of the United States, Florida, and Florida law.

25. As Secretary, F.D.O.C., Ricky D. Dixon acquired a position where he could have implemented change to increase and promote professionalism or he could continue to let the unwritten but demonstrated policy, custom, and practice continue by not enforcing the rules of conduct for personnel regarding their professionalism.

26. Sec. Ricky D. Dixon was given notice and knowledge of Sgt. Consuela Robinson's actions by the exhaustive administrative remedies and steps Mr. Zink took to have Sec. Dixon redress the admitted to battery and abuse to ADA, elderly disabled American veteran persons.

27. Sec. Ricky D. Dixon action toward Sgt. Consuela Robinson' was not to reprimand, dismiss her, or even to report her behavior to the proper authorities.

28. Sec. Ricky D. Dixon's actions was to authorize and condone it by promoting her to Lieutenant (Lt.) and assigning her to work at another institution.

29. In doing this Sec. Ricky D. Dixon abandoned his oath and his integrity as a member of the Executive Branch of government and chose to follow his individual moral compass over his professional obligatory one.

30. This type of overt act carried out by Sec. Ricky D. Dixon is no different than if he was the one committing the actions Lieutenant Consuela Robinson committed against an ADA, elderly disabled American veteran himself, making him just as liable.

31. Sec. Ricky D. Dixon knew from his history of coming up through ranks that F.D.O.C. employees do not carry out their duties all the time according to the rules of conduct for personnel all the time yet he did nothing to curve or stop the unprofessional conduct towards prisoners, such as implement mandatory professional behavior class training hours statewide and follow-up

Statement of Facts Continued (Page 4 of 5)

to see how successful or unsuccessful it is by having real surprise visits without notice being given that he's coming to an institution.

32. As Sec., F.D.O.C. this is one of his duties as head of the Statewide correctional system.

33. Kenneth Martin Zink, officially go on record holding himself liable under penalty of perjury, fines and further imprisonment, plus administrative action from F.D.O.C. if the Affidavit of Truth attached herewith as Statement of Facts Continued (Page 5 of 5) is not factual, the truth, and nothing but the TRUTH so Help him GOD.

Statement of Facts Continued (Page 5 of 5)

## AFFIDAVIT OF TRUTH

Pursuant to Fed. R. Civ. Proc. 56(a)

Re: Civil Rights CASE NO: 4:24-cv-96-TKW-MAF

"I HEREBY SWEAR AND AFFIRM that all herein stated is factual, sworn testimony, is the TRUTH, the WHOLE TRUTH, and NOTHING BUT THE TRUTH, SO HELP ME GOD." In support of the AMENDED CIVIL RIGHTS COMPLAINT.

FEDERAL LAW AGAINST DEPRIVATION of CONSTITUTIONAL RIGHTS: Title 42 U.S. Code 1983... "every person who under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any Citizen of the United States or other person within the Jurisdiction therefore to the deprivation of any Rights, Privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law suit in equity, or other proper proceeding for redress". Also see Sec. 1985 and 1986 Criminal conspiracy for Deprivation of Rights... ALSO,

It's clearly apparent that F.D.O.C. cannot and will not police themselves or follow the law to protect and prosecute all crimes equally. It's a FUNDAMENTAL RIGHT not an ADMINISTRATIVE OPTION in my DEMANDING ACCOUNTABILITY and lawful redress of an injury PERPETRATED against me. It's F.D.O.C.'s RESPONSIBLY to PROTECT THE TRUST given to them by the PUBLIC. VIOLATION of an OATH(s) of office is TREASON... DEPRIVATION OF MY RIGHTS IS A FEDERAL CRIME.

State of Florida
County of Wakulla

/s/ _____
Kenneth Martin Zink, sui juris
Plaintiff, DOC NO. 360229

The foregoing "AFFIDAVIT of TRUTH" was signed and acknowledged before me, This 2 Day of April, 2025 KZ

_____
(NOTARY SIGNATURE)

AMANDA GIBSON
Notary Public
State of Florida
Comm# HH604054
Expires 10/17/2028
(NOTARY SEAL OR STAMP)

Physical Presence Produced
State of Fla Dept of Corrections
State ID # 360229

Produced Identification
Type of Identification provided _____

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

I. Claim One: It is against the law for anyone to batter and assault a(n) elderly, ADA disabled American veteran under the color of law or even as an individual (Paragraphs 1 thru 13).

II. Claim Two: There is a prohibition on cruel and unusual treatment and punishment of elderly ADA Prisoners in State institutions, that anyone who does, do so in violation of the Eighth (8*) Amendment in the Constitution for the United States of America and of Florida's Constitution Article 1, Sec. 2, Sec. 9, and Sec. 17 (Paragraphs 14 thru 16).

III. Claim Three: Notice and Knowledge being received, delivered, or given to any constitutional oath taking officer of the Executive Branch, that there is/and/or was abuse of an ADA disabled Elderly Veteran under their care and responsibility and they did nothing about it, But had notice and knowledge of it facts are made liable as though they violated them (Paragraphs 17-33).

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

Plaintiff requests this Honorable Court to impose injunctive relief on Sec'y Ricky D. Dixon, Lt. Consuela Robinson, and, et al., F.D.O.C. employees to refrain their retaliating against him. With proper training and accountability following the rules of conduct for personal per 33-208 F.A.C., instead of following custom's and/or unwritten policy, conduct contrary to their own rules, consisting of a required 120 hours of mandatory professionalism training classes, implemented immediately.

Hold the defendant(s) (jointly and severally) each liable for the amount of $100,000.00 in compensatory damages.

Plaintiff be reimbursed for all costs and liens suffered in this case.

And any punitive damages this Honorable Court finds just.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII. PRIOR LITIGATION

*This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."* 28 U.S.C. § 1915(g).

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☑ YES   ☐ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date: May 20, 2022   Case #: 4:22cv022-WS-MAF

   Court: Northern District of Florida

   Reason: Failure to state a claim

2. Date: Aug. 15, 2022   Case #: No. 22-10682-A

   Court: United States Court of Appeals, Eleventh Circuit

   Reason: Not alleged any points of law the Court overlooked

3. Date: June 18, 2024   Case #: 4:24-cv-9-AW/MJF

   Court: United States District Court, Northern District

   Reason: Dismissed without prejudice, failure of a pro se litigant, in answer to the questions on the civil rights complaint form

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits or appeals in *state or federal court* dealing with the same facts or issue involved in this case?

☑ YES ☐ NO

If "Yes," identify the case number, parties, date filed, result (*if not still pending*), name of judge, and court for each case (*if more than one*):

1. Case #: 22000147CAAXMX   Parties: Zink -v- Robinson

   Court: Wakulla County   Judge: Smith, J. Layne

   Date Filed: Nov. 23, 2022   Dismissal Date (*if not pending*): Amended - Not

   Reason: Added defendant, ie., Sec'y Ricky D. Dixon - Feb. 9, 2023 by Defendants Case MOVED TO US DISTRICT COURT

2. Case #: 24-13082-G   Parties: Kenneth Zink v Fla. Dept of Corr, et al

   Court: Eleventh Circuit U.S. Court of Appeals   Judge: Not Known

   Date Filed: Sept. 2024   Dismissal Date (*if not pending*): _____

   Reason: briefing schedule rescinded - Pending appointment Counsel

   *(If necessary, list additional cases on an attached page)*

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging your conviction or relating to the conditions of your confinement?.

☑ YES ☐ NO

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: 3:18-cv-575   Parties: Zink v. Colombani & Henderson

   Court: ~~Northern~~ Middle District of Florida   Judge: N/A at this time unknown

   Date Filed: 10/2017   Dismissal Date (*if not pending*): No Dissmisal settlement on May of 2022

   Reason: Settlement Agreement

2. Case #: 8:18-cv-2904   Parties: Zink v. State of Florida

   Court: middle District U.S. Court of Tampa   Judge: N/A

   Date Filed: ____   Dismissal Date (*if not pending*): Aug 15 2022

   Reason: Habeas Corpus Petition

3. Case # 2020-CA-36   Parties: Zink v. Wheeler

   Court: Florida Circuit Court   Judge: ____

   Date Filed: ____   Dismissal Date (*if not pending*): Feb 2023

   Reason: Closed do to inaction

4. Case #: ____   Parties: ____

   Court: ____   Judge: ____

   Date Filed: ____   Dismissal Date (*if not pending*): ____

   Reason: ____

5. Case #: ____   Parties: ____

   Court: ____   Judge: ____

   Date Filed: ____   Dismissal Date (*if not pending*): ____

   Reason: ____

    6. Case #:_____Parties: _____

    Court:_____Judge: _____

    Date Filed:_____Dismissal Date (*if not pending*): _____

    Reason: _____

    ***(Attach additional pages as necessary to list all cases.)***

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: 4-2-25   Plaintiff's Signature: _Kenneth M. Zink_

Printed Name of Plaintiff: Kenneth M. Zink

Correctional Institution: Wakulla Corr. Inst. - Main   #360229

Address: 110 Melaleuca Dr.
Crawfordville, Florida 32327

**I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in the prison's mail system for mailing on the 2nd day of April, 20 25**

Signature of Incarcerated Plaintiff: _Kenneth M. Zink_

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have placed a copy of these documents in the hands of a Wakulla Corr. Inst. Mailroom official to be mailed by U.S. Postal mail to:

Clerk of Court
U.S. District Court
111 N. Adams St.
Tallahassee, FL
32301-7730

Attorney General
The Capitol, PL-01
Tallahassee, FL
32399

on this 2nd day of April, 2025.

_Kenneth M. Zink_
Kenneth M. Zink #360229
Wakulla Corr. Inst. - main
110 Melaleuca Drive
Crawfordville, FL 32327

Kenneth M. Zink #360229
WAKULLA CI - MAIN UNIT
110 MELALEUCA DRIVE
CRAWFORDVILLE, FL 32327

MAILED FROM A CORRECTIONAL FACILITY

APR 0 7 2025

Clerk of Court
U.S. District Court
111 N. Adams Street
Tallahassee, FL    32301-7730

LEGAL MAIL