# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KENNETH M. ZINK,**
**D.O.C. # 360229,**

    **Plaintiff,**

vs.                                              Case No.  4:25cv96-TKW-MAF

**RICKY DIXON, AND**
**CONSUELO ROBINSON,**

    **Defendants.**

_____/

## O R D E R

In a separate Order entered this day, the pro se Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 7, has been granted. Because Plaintiff was not required to pay an initial partial filing fee, Plaintiff's first amended complaint, ECF No. 6, has been reviewed as required pursuant to 28 U.S.C. § 1915A.

Plaintiff complains about an incident which occurred on October 12, 2021. He alleges that he asked the dormitory officer, Defendant Consuela Robinson, for permission to leave and attend a scheduled "call-out." *Id.* at 5. She agreed, but for no apparent reason, she then "maliciously kicked"

Plaintiff's walker which caused Plaintiff to "stumble backwards into a concrete wall 15 ft. away." *Id.* Plaintiff experienced pain in his reconstructed hip, and when he asked Defendant Robinson why she did that, she yelled "profanities at everyone including" the Plaintiff. *Id.* Plaintiff advises that he is "an ADA disabled veteran" and was just "days shy of his 65th birthday" when the incident occurred. *Id.*

Plaintiff also alleges that Defendant Dixon - who began his career as a correction officer - "would have witnessed [that] type of behavior" over the course of his career as he "worked his way up the ranks" to his current position as Secretary. *Id.* at 6. Plaintiff contends that he now has "the power to change things," and "could have implemented change to" stop the unwritten policy, custom and practice of abusive treatment to inmates. *Id.* at 6-7. He alleges Defendant Dixon was given notice of the Defendant's actions through the grievance process, but she was not disciplined or reprimanded; instead, Dixon condoned her actions "by promoting her to Lieutenant (Lt.) and assigning her to work at another institution." *Id.* at 7.

The Court notes several problems with Plaintiff's amended complaint. First, both Defendants are sued in their individual capacity as well as their official capacity. Because an official capacity claim essentially is just

"another way of pleading an action against an entity of which an officer is an agent," Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985), two official capacity claims are redundant.

Second, while Plaintiff has acknowledged previously filing case number 4:22cv22-WS-MAF, and he notes it was dismissed for failure to state a claim prior to service, *see* ECF No. 6 at 12, Plaintiff did not disclose that case number 4:22cv22 concerns the "same facts or issue involved in this case." *Id.* at 13.  That omission is particularly important because case number 4:22cv22 was brought against Defendant Robinson for the events which took place on October 12, 2021.  That case was dismissed for failure to state a claim.

Thus, Plaintiff should be well aware that his claim against Defendant Robinson in this case, likewise, fails to state a claim.  The facts of this situation do not cross the constitutional threshold to support an Eighth Amendment violation.

Furthermore, Plaintiff is advised that a claim may not be brought against the Secretary on the basis of respondeat superior or vicarious liability.  It is well established that such a theory does not provide a basis for recovery in a § l983 civil rights action.  Piazza v. Jefferson Cty., 923

F.3d 947, 957 (11th Cir. 2019) (stating "[s]upervisory officials cannot be held liable under § 1983 for unconstitutional acts by their subordinates based on respondeat-superior or vicarious-liability principles" and citing Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).  Instead, there must be "allegations of personal participation" or facts showing "a 'causal connection' between a supervisor's actions and the alleged constitutional violation."  Piazza, 923 F.3d at 957 (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).  A causal connection may be shown by pointing to "a supervisor's policy or custom" that "resulted in "deliberate indifference to constitutional rights."  923 F.3d at 957 (citing Cottone, 326 F.3d at 1360-61).  Here, Plaintiff has not pointed to a policy or the absence of a policy which caused him constitutional harm.  He has not pointed to multiple incidents or "multiple reports of prior misconduct by a particular employee."  Id. at 957.  No such facts exist and, therefore, there is no basis for supervisory liability in this case against Defendant Dixon.

Because Plaintiff has already acquired "three strikes" under 28 U.S.C. § 1915(g), he should carefully consider whether to proceed with this

Page 5 of 6

case.[1]  In short, Plaintiff cannot bring a second claim against Defendant Robinson based on the same October 2021 incident.  The claim will be barred by the doctrine of res judicata,[2] and Plaintiff is well aware that his claim is insufficient because of case number 4:22cv22.  Plaintiff has not presented a sufficient basis to proceed against Defendant Dixon either as explained above.  Thus, Plaintiff is provided an opportunity to file a notice of voluntary dismissal of this case pursuant to Federal Rule of Civil Procedure 41, or he may file an amended complaint.  Plaintiff must take either action on or before **May 19, 2025**.

---

[1] Plaintiff has received two "strikes" under 28 U.S.C. § 1915(g); case number 4:24cv9-AW-MJF was dismissed for maliciousness and abuse of the judicial process, and case number 4:22cv22-WS-MAF was dismissed for failure to state a claim upon which relief may be granted.  If Plaintiff receives three "strikes" for having a case dismissed for the reasons listed in § 1915(g), Plaintiff will not be entitled to proceed with in forma pauperis status in the future unless he can show he faces imminent danger of serious physical injury.

[2] Res judicata operates as a bar to a subsequent suit when (1) there has been a final judgment on the merits, (2) the decision was rendered by a court of competent jurisdiction, (3) the parties are identical in both suits; and (4) the same cause of action was involved in both cases.  I.A. Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).  Res judicata applies to foreclose relitigation of matters "that were litigated or could have been litigated in an earlier suit." Id.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall provide Plaintiff with another civil rights complaint form in the event Plaintiff believes there is a good faith basis to file an amended complaint.

2. Plaintiff has until **May 19, 2025**, in which to file an amended civil rights complaint.

3. Alternative, Plaintiff should file a notice of voluntary dismissal if he concedes his complaint is insufficient to state a claim.

4. **Failure to comply with this Order will result in a recommendation of dismissal of this action.**

5. Plaintiff shall immediately file a notice to the Clerk's Office in the event of an address change, transfer, or release from custody.

6. The Clerk of Court shall return this file upon receipt of Plaintiff's amended complaint or notice of voluntary dismissal, or no later than May 19, 2025.

**DONE AND ORDERED** on April 17, 2025.

        S/   Martin A. Fitzpatrick
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**

Case No. 4:25cv96-TKW-MAF