# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**KENNETH M. ZINK,**
**D.O.C. # 360229,**

> **Plaintiff,**

**vs.**                                        **Case No.  4:25cv96-TKW-MAF**

**CONSUELO ROBINSON,**

> **Defendant.**
> _____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has belatedly filed a second amended complaint[1] [hereinafter "complaint"].  ECF No. 14.  Because Plaintiff is a prisoner, and is proceeding with in forma pauperis status, ECF No. 9, his complaint has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff's complaint concerns an incident which occurred on October 12, 2021, at a Correctional Institution, although Plaintiff does not identify

---

[1] Plaintiff was previously directed to file a second amended complaint by May 19, 2025.  ECF No. 10.  When Plaintiff failed to comply, a Report and Recommendation was entered to dismiss this case for failure to prosecute.  ECF No. 11.  Plaintiff filed objections, ECF No. 12, and the belated complaint, ECF No. 12-1.  The Report and Recommendation was rejected and the case remanded to consider Plaintiff's complaint. ECF No. 13.

the prison facility.  Plaintiff alleges that the dormitory officer, Defendant

Consuela Robinson, "maliciously" stuck out her foot which hit his walker,

causing him to fall backwards into a concrete wall approximately 15 feet

behind him.  ECF No. 14 at 4.  Plaintiff contends she subjected him to

"abusive treatment" for "no apparent reason."  *Id.*  He also contends there

was no need "for any force, let alone the excessive force used by

Robinson" as he was simply walking by, on his way to a scheduled call-out.

*Id.*  Plaintiff seeks compensatory damages, punitive damages, and

injunctive relief which includes "proper training and accountability" for

Defendant Robinson.  *Id.* at 7.

The problem with Plaintiff's complaint is that - as he acknowledges on

page 5 of the complaint - he filed a prior lawsuit about this incident after

exhausting administrative remedies.  ECF No. 14 at 5.  Plaintiff

acknowledges that his prior case was "denied for not stating a claim."  *Id.*

Plaintiff then said he took the advice of inmate law clerks and filed a

complaint in state court.  *Id.*  Plaintiff says that "several questionable court

actions were made to dissuade" him from pursuing that case.  *Id.*

The prior amendatory order entered in this case pointed out that

Plaintiff had acknowledged previously filing case number 4:22cv22-WS-

MAF and also acknowledged that it was dismissed for failure to state a claim prior to service.  *See* ECF No. 10 (citing to ECF No. 6 at 12).  What Plaintiff did not acknowledge, however, was that case number 4:22cv22 concerned the same facts and issues that are involved in this case. Because case number 4:22cv22 was brought against Defendant Robinson for the events which took place on October 12, 2021, and was dismissed for failure to state a claim, Plaintiff should be well aware that the claim he seeks to bring against Defendant  Robinson in this case, likewise, fails to state a claim.  The facts of this case do not cross the constitutional threshold to support an Eighth Amendment violation as Plaintiff did not allege suffering any identifiable injury.  Wilkins v. Gaddy, 559 U.S. 34, 38, 130 S. Ct. 1175, 1178, 175 L. Ed. 2d 995 (2010) ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim") (citation omitted).

More importantly, Plaintiff cannot bring multiple cases to challenge the same event.  Under the doctrine of *res judicata*, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).  In other words, *res*

*judicata* forecloses re-litigation of matters actually or potentially litigated in an earlier lawsuit.  <u>Richardson v. Alabama State Bd of Educ.</u>, 935 F.2d 1240 (11th Cir. 1991).

There are four considerations in determining if *res judicata* bars a plaintiff from bringing successive claims.  <u>Rodemaker v. City of Valdosta Bd. of Educ.</u>, 110 F.4th 1318, 1324 (11th Cir. 2024), *cert. denied sub nom.* <u>Rodemaker v. Valdosta Bd. of Ed.</u>, No. 24-852, 2025 WL 1426676 (U.S. May 19, 2025).  The doctrine applies when "the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." <u>TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.</u>, 959 F.3d 1318, 1325 (11th Cir. 2020) (quoted in <u>Rodemaker</u>, 110 F.4th at 1324.

Here, the named Defendant in this case is Consuela Robinson, who was the only defendant in case number 4:22cv22-WS-MAF; thus, the parties are the same.  Plaintiff's claim in the prior case is based on the same operative facts from October 12, 2021.  Plaintiff has filed the same causes of action - § 1983 civil rights lawsuits - and the judgment in his prior case was entered by a court of competent jurisdiction; indeed, this same Court.  The judgment is final as Plaintiff did not file an appeal after the

dismissal of case number 4:22cv22 on May 20, 2022.  *See* ECF Nos. 16-17 of that case.  Therefore, this case must be dismissed as redundant and barred by *res judicata*.

Notably, Plaintiff had already acquired "two strikes" under 28 U.S.C. § 1915(g) at the time this case was filed.  At this point, Plaintiff is advised that if this Report and Recommendation is adopted, Plaintiff will have incurred "three strikes."[2]  Harmon v. Webster, 263 F. App'x 844, 846 (11th Cir. 2008) (affirming dismissal of prisoner's § 1983 complaint as a "strike" because it was dismissed for failure to state a claim and because it was barred by res judicata); *see also* Walker v. Page, 59 F. App'x 896, 900 (7th Cir. 2003) ("Because Walker's case is squarely barred by res judicata, under the PLRA he earns a "strike" for bringing the action").  Thus, unless Plaintiff is under imminent danger of serious physical injury, federal law will preclude allowing Plaintiff to proceed with in forma pauperis status in other cases in the future.  28 U.S.C. § 1915(g).

---

[2] Plaintiff has received two "strikes" under 28 U.S.C. § 1915(g) for the dismissal of case number 4:24cv9-AW-MJF (dismissed for maliciousness and abuse of the judicial process) and case number 4:22cv22-WS-MAF (dismissed for failure to state a claim). The prior amendatory Order advised Plaintiff to "carefully consider" whether to pursue this claim in light of the fact that it was already dismissed for failure to state a claim. ECF No. 10.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that

Plaintiff's second amended complaint, ECF No. 14, be **DISMISSED** for

failure to state a claim upon which relief may be granted pursuant to 28

U.S.C. § 1915(e)(2), and because the claim is barred by *res judicata*, and

that the Order adopting this Report and Recommendation direct the Clerk

of Court to note on the docket that this cause was dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2025.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**